# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ZEHRINGER,<br><br>Defendant. | Criminal No. 03-324 (JRT)<br>Civil No. 08-861 (JRT)<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION WITHOUT PREJUDICE** |

John R. Marti, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

David Zehringer, 1806 15th Avenue South, Minneapolis, MN 55404, *pro se* defendant.

Defendant David Zehringer filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging both state and federal proceedings on grounds that the convictions violate his due process rights under the Fourteenth Amendment and his Sixth Amendment right to counsel. Plaintiff United States of America responded by filing a motion to dismiss for lack of jurisdiction. For the reasons discussed below, the Court grants the plaintiff's motion to dismiss and denies Zehringer's § 2255 motion without prejudice.

## BACKGROUND

Defendant Zehringer's § 2255 motion challenges multiple criminal and civil proceedings. On February 26, 2002, in the United District Court for the District of

Nebraska, Zehringer pled guilty to one count of giving false statements to a financial institution in violation of 18 U.S.C. § 1014. Zehringer was later sentenced by the court to five years of probation and was ordered to pay $375,767 in restitution. On October 16, 2003, Zehringer's probation was transferred to this Court, which has overseen defendant's probation since that time. Zehringer's § 2255 motion alleges that his guilty plea was based on an insufficient understanding of the factual basis for the charges against him.

In addition to his conviction in the District of Nebraska – the only federal conviction at issue in this case – Zehringer' § 2255 motion purports to challenge aspects of a criminal proceeding in Minnesota state court and a civil proceeding in South Dakota state court. In November 1993, Zehringer pled guilty to felony charges of theft, fraud, and theft by swindle in Minnesota state court, and was sentenced to 20 years of probation. Zehringer also challenges an adverse civil judgment entered against him in South Dakota state court in 1995 related to statements Zehringer made to a bank to secure a $1,500,000 loan. *See First Nat'l Bank of Omaha v. Pleasant Hollow Farm, Inc.*, 532 N.W.2d 60 (S.D. 1995).

## ANALYSIS

### I. ZEHRINGER'S § 2255 MOTION

Zehringer's § 2255 motion challenges his 2002 guilty plea and conviction in the District of Nebraska, his 1993 conviction in Minnesota state court, and a judgment of civil liability in South Dakota state court. The United States argues that this Court lacks

subject matter jurisdiction to consider any of Zehringer's claims under § 2255. The Court agrees.

A collateral challenge to a federal conviction must generally be raised in a motion to vacate filed in the sentencing court under § 2255. *See* 28 U.S.C. § 2255(a); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Only matters related to conditions of confinement or the execution of a sentence are generally within the jurisdiction of the court presiding in the district in which a prisoner is in custody.[1] *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). Thus, a petitioner seeking to challenge his sentence or conviction in the district of his confinement must first demonstrate that a § 2255 motion filed in the sentencing court would be inadequate or ineffective. 28 U.S.C. § 2255; *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Here, although Zehringer has been transferred to the District of Minnesota to serve his term of probation, he was convicted and sentenced in the District of Nebraska. The Court finds no basis in the record to conclude that Zehringer's § 2255 motion in that district would be inadequate or ineffective. *See Abdullah*, 392 F.3d at 959. Accordingly, Zehringer's § 2255 motion must be filed in the District of Nebraska, and this Court lacks subject matter jurisdiction to consider his motion.[2]

---

[1] Zehringer is considered "in custody" for purposes of § 2255 during the term of his supervised release. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

[2] The Court notes that a habeas motion under § 2255 is generally subject to one-year limitation period that applies from the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). The sentencing judgment in this case was entered on October 22, 2003. Thus, if Zehringer chooses to file a § 2255 motion in the District of Nebraska, he will need to explain why the motion is not time barred under the one-year statute of limitations.

The Court similarly finds that it lacks subject matter jurisdiction to consider Zehringer's two remaining claims. It is elemental that a § 2255 motion attacking a conviction or sentence is available only with respect to federal criminal proceedings, and cannot be used to challenge a civil action adjudicated in state court. *See* 28 U.S.C. § 2255(a). Zehringer's challenge to his criminal conviction in state court must be brought pursuant to an application for writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). Moreover, a federal district court generally may grant a § 2254 petition only where the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Pilchak v. Camper*, 935 F.2d 145, 147 (8th Cir. 1991). While the issue is not properly presented here, the Court's review of the record in this case suggests that Zehringer did not exhaust available state court remedies with respect to his 1993 conviction, which will likely constitute a procedural bar to his claim under § 2254.[3]

For these reasons, the Court finds that it lacks subject matter jurisdiction to consider Zehringer's § 2255 motion. Accordingly, the Court grants plaintiff's motion to dismiss and dismisses Zehringer's § 2255 motion without prejudice.

## II.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a

---

[3] The Court also notes that Zehringer does not appear to be in custody or on supervised release with respect to his 1993 state court conviction, which may further preclude an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Charlton v. Morris*, 53 F.3d 929, 930 (8th Cir. 1995).

showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Here, the Court finds that resolution of Zehringer's § 2255 motion involves a straightforward application of the law of habeas corpus. For purposes of appeal under 28 U.S.C. § 2253, the Court finds it unlikely that reasonable jurists would find the issues raised in Zehringer's § 2255 motion debatable, or that some other court would decide this § 2255 motion differently. The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's *Pro Se* Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 18] is **DENIED without prejudice**.

2. Plaintiff United States of America's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [Docket No. 22] is **GRANTED**.

3. For purposes of appeal, the Court does not grant a certificate of appealability.

DATED: July 21, 2008             s/ John R. Tunheim
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                       United States District Judge